Walter H. Robinson
vs.
The Bergin Realty Company, App't. } No. 86944.

February 9, 1933

JOSLIN, J. This is an action to recover a balance which the plaintiff claims is due him from the defendant for premiums on various kinds of insurance. The jury's verdict was for the plaintiff for the full amount. The defendant moves for a new trial.

Both parties are in the insurance business. Plaintiff was a special agent, the defendant is a sub-agent. The plaintiff represented insurance companies and at the defendant's request placed his customers' insurance with it. The controversy revolves around insurance thus written for one Taylor.

The defence was that by agreement between the parties the defendant was not responsible to the plaintiff for the premiums until they were actually received by it from the insured, and that because Taylor has not paid the premiums amounting to approximately the sum in question, there is no liability. In other words, that the premiums were to be paid to the plaintiff only when, as and if the defendant received them. The plaintiff denies this, maintaining that the premiums were to be paid to him irrespective of whether or not they were received by the defendant.

The premiums in question were actually paid by the plaintiff to the insurance companies. In an undated letter written by Mr. Bergin to the plaintiff after their business relations had ended, he said: "I will be able to straighten up on all matters before the end of the week." (Plaintiff's Exhibit 2). In the defendant's letter of October 4, 1930, it requests an audit of the Taylor account and continues: "Inasmuch as we may have to pay this account personally, I wish you would give this audit your due consideration." (Plaintiff's Exhibit 3). These letters contain no mention of the claim advanced by the defense at the trial. This omission is significant. Furthermore, the testimony of Harold E. Staples, Esq. regarding a conference with Mr. Bergin in October 1930, in which the latter stated that there was no dispute regarding the balance which he promised to pay within a week and

offering a note in part payment, is convincing and persuasive. Mr. Staples' letter (Exhibit 1) to the defendant refers to this conversation and leaves no room for doubt. The verdict, truly reflecting the strong preponderance of the testimony in favor of the plaintiff, does justice between the parties.

Motion for new trial denied.

For plaintiff: Tillinghast & Collins.
For defendant: Daniel A. Colton.